IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS MIZAK and JODI MIZAK, Husband and Wife; | CIVIL ACTION NO: 3:22-cv-64 |
| Plaintiffs, | Electronically Filed |
| vs. | |
| THE HOME DEPOT, INC., d/b/a THE HOME DEPOT; and | |
| J.B. HUNT TRANSPORT SERVICES, INC.; | |
| Defendants. | |

## COMPLAINT IN A CIVIL ACTION

AND NOW come the Plaintiffs, DENNIS MIZAK and JODI MIZACK, Husband and Wife, by and through their attorneys, Douglas J. Olcott, Esquire, Kathryn C. Monbaron, Esquire, and the law firm of Edgar Snyder & Associates, LLC, and file the following Complaint in a Civil Action, respectfully averring as follows:

### PARTIES

1. Plaintiff, DENNIS MIZAK ("DENNIS"), is an adult individual who currently resides at 591 Lost Valley Drive, Hollsopple, Somerset County, Pennsylvania 15935.

2. Plaintiff, JODI MIZAK ("JODI"), is an adult individual who currently resides at 591 Lost Valley Drive, Hollsopple, Somerset County, Pennsylvania 15935.

3. At all times relevant hereto, DENNIS and JODI were, and are, married to each other.

4. Defendant, THE HOME DEPOT, INC., d/b/a THE HOME DEPOT (hereinafter "HOME DEPOT"), is a Delaware Corporation with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339 and is registered with the Pennsylvania Department of State and is authorized to do business in the Commonwealth of Pennsylvania.

5. Defendant, HOME DEPOT, as a corporation acted by and through its officers, agents, servants, employees, and/or representatives, who were acting in the course and scope of their capacity as officers, agents, servants, employees, and/or representatives of Defendant, HOME DEPOT, at all times relevant hereto.

6. Defendant, J.B. HUNT TRANSPORT SERVICES, INC. ("J.B. HUNT"), is an Arkansas Corporation with a principal place of business located at 615 J.B. Hunt Corporate Drive, Lowell, Arkansas 72745 and is registered with the Pennsylvania Department of State and is authorized to do business in the Commonwealth of Pennsylvania.

7. Defendant, J.B. HUNT has operating authority issued by the United States Department of Transportation, USDOT # 80806, MC # 135797, which allows it to operate commercial vehicles on the public roadways.

8. As a company operating a Commercial Motor Vehicle ("CMV") on the public roadways pursuant to USDOT permit # 80806 and MC # 135797, Defendant, J.B. HUNT, is subject to the Federal Motor Carrier Safety Regulations ("FMCSRs") promulgated by the Federal Motor Carrier Safety Administration (hereinafter "FMCSA").

9. Defendant, J.B. HUNT, as a corporation acted by and through its officers, agents, servants, employees, and/or representatives, who were acting in the course and scope of their capacity as officers, agents, servants, employees, and/or representatives of Defendant, J.B. HUNT, at all times relevant hereto.

**JURISDICTION**

10. Venue is properly in the Federal District Court under 28 U.S.C. § 1332(a) as the parties to this action are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. Venue is appropriate in the Western District of Pennsylvania because the Defendants' negligent acts occurred in Somerset County, Pennsylvania which is covered by the Western District of Pennsylvania.

**MATERIAL FACTS**

12. On September 17, 2020, DENNIS purchased 200 Series PS Patio Door and Side Windows from HOME DEPOT Store # 4128 located at 679 Galleria Drive Ext., Johnstown, Pennsylvania. [Attached hereto as **Exhibit "1"** is a copy of the Store Cashier Receipt evidencing payment; Attached hereto as **Exhibit "2"** is a copy of the HOME DEPOT "Special Services Customer Receipt"].

13. HOME DEPOT scheduled delivery of the 200 Series PS Patio Door and Side Windows to his residence located at 591 Lost Valley Drive, Hollsopple, Somerset County, Pennsylvania, 15935 for September 19, 2020. [*See* **Exhibit "2"**].

14. On September 19, 2020, a delivery truck ("BOX TRUCK") from J.B. HUNT arrived at DENNIS' home and the driver of the J.B. HUNT delivery truck advised DENNIS that he was there to deliver the 200 Series PS Patio Door and Side Windows that DENNIS had previously purchased from HOME DEPOT.

15. The BOX TRUCK displayed the name, J.B. HUNT, and had J.B. HUNT's USDOT permit # 80806 and MC # 135797 displayed on the truck.

16. The delivery driver, who was acting as the actual or apparent agent, servant, employee, and/or representative of J.B. HUNT advised DENNIS that J.B. HUNT was hired by HOME DEPOT to deliver the 200 Series PS Patio Door and Side Windows for HOME DEPOT.

17. The J.B. HUNT BOX TRUCK had an attached motorized lift gate.

18. The BOX TRUCK that arrived at DENNIS' residence to deliver the 200 Series PS Patio Door and Side Windows falls within the definition of CMV as that term is defined by the FMCSRs.

19. The BOX TRUCK that J.B. HUNT dispatched to DENNIS' residence to deliver the 200 Series PS Patio Door and Side Windows only had a driver and did not have an assistant or other worker to help with unloading and delivering larger items to the residence.

20. The BOX TRUCK that J.B. HUNT dispatched to DENNIS' residence to deliver the 200 Series PS Patio Door and Side Windows did not have proper equipment to allow the J.B. HUNT driver to safely unload and deliver the 200 Series PS Patio Door and Side Windows by himself.

21. At all times relevant hereto, the J.B. HUNT delivery driver, was in possession of, and operating the J.B. HUNT BOX TRUCK in the course and scope of his employment with Defendant, J.B. HUNT, and with Defendant, J.B. HUNT's knowledge and permission.

22. The freight, the 200 Series PS Patio Door and Windows purchased from HOME DEPOT, was too large and heavy for one person to unload on their own and without the assistance of either another worker or piece of equipment to assist in unloading.  (A photograph of the one window successfully unloaded off the J.B. HUNT BOX TRUCK is attached hereto as **Exhibit "3"**).

23. Due to the J.B. HUNT driver not having an assistant or the proper equipment to unload the 200 Series PS Patio Door and Windows by himself, the J.B. HUNT driver enlisted DENNIS to help in the unloading of the freight.

24. As DENNIS and the J.B. HUNT driver were unloading one of the boxes containing the 200 Series PS Patio Door and Side Windows DENNIS was walking backwards out of the BOX TRUCK and onto the raised liftgate.

25. After walking onto the raised liftgate DENNIS stopped; however, the J.B. HUNT driver gave the box a shove, presumably to get it out of the truck and onto the raised liftgate so that it could be lowered to the ground, and he knocked DENNIS off the raised liftgate onto the ground.

26. Upon falling, DENNIS struck his head on the concrete driveway and lost consciousness.  (A Photograph depicting the location on the driveway where DENNIS landed after being pushed off the BOX TRUCK is attached hereto as **Exhibit "4"**).

27. DENNIS landed on his head with such force that he cut open his scalp and hair from his head got embedded in the concrete driveway where he landed.  (Photographs depicting DENNIS hair embedded in the concrete and the bleeding from his injuries is attached hereto as **Exhibits "5"** and **"6"** respectively).

28. The September 19, 2020, incident resulted in severe injuries to DENNIS MIZAK and caused harms and losses to both DENNIS and JODI more fully set forth hereinafter.

## COUNT I
## DENNIS MIZAK v. THE HOME DEPOT, INC.
## NEGLIGENCE

29. Paragraphs 1 through 28 are incorporated herein by reference as though set forth more fully at length.

30. The aforesaid incident was a direct and proximate result of the negligence and carelessness of Defendant, HOME DEPOT, as follows:

a. Dispatching a delivery driver to deliver freight without proper manpower to assistant in unloading the freight which HOME DEPOT knew was too heavy for one person to safely deliver alone;

b. Dispatching a delivery driver to deliver freight without proper equipment to assistant with safely unloading the freight which HOME DEPOT knew was too heavy for one person to safely deliver alone;

c. Failing to ensure that proper equipment to assist with the unloading of freight that was too heavy for one person to lift was packed on the truck at the time the truck was loaded;

d. Failing to properly plan deliveries so that delivery trucks operated by a single employee were not dispatched with loads that the driver could not safely unload by themselves;

e. Failing to have policies in place to prevent delivery drivers from allowing or accepting the help of customers whom a delivery of HOME DEPOT freight is being delivered to;

f. Failing to have policies in place to prevent customers from getting onto or into the trucks used to deliver HOME DEPOT's freight being delivered to a customer's residence;

g. Failing to enforce policies to prevent delivery drivers from allowing or accepting the help of customers whom a delivery of HOME DEPOT freight is being delivered to;

h. Failing to enforce policies in place to prevent customers from getting onto or into the trucks used to deliver HOME DEPOT's freight being delivered to a customer's residence;

i. Negligently hiring J.B. HUNT to deliver freight HOME DEPOT was obligated to deliver to DENNIS's home which had been purchased by DENNIS at HOME DEPOT;

  j. Negligently supervising J.B. HUNT to ensure that the trucks and drivers used to deliver freight on behalf of HOME DEPOT were properly trained and equipped with the necessary equipment to safely unload freight that was too heavy to be delivered by a single driver;

  k. Negligently supervising J.B. HUNT to ensure that the delivery trucks dispatched to delivery freight on behalf of HOME DEPOT were properly equipped with sufficient workers and or equipment to allow J.B. HUNT to safely unload HOME DEPOT freight that was too heavy for a single employee to unload safely; and

  l. Negligently retaining the services of J.B. HUNT to make liftgate deliveries of its freight to HOME DEPOT customers' residences when it knew, or through the exercise of reasonable care, should have known that J.B. HUNT was not providing sufficient manpower and/or equipment for the delivery of HOME DEPOT freight to be delivered safely to HOME DEPOT's customers.

31. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant, HOME DEPOT, Plaintiff, DENNIS, suffered the following injuries:

  a. 5 cm by 1.5 mm left posterior parietal scalp laceration requiring fifteen (15) sutures to close;

  b. Left posterior parietal scalp contusion;

  c. Concussion with loss of consciousness;

  d. Traumatic Brain Injury;

  e. Headaches;

  f. Dizziness;

  g. Confusion;

  h. Positional vertigo;

  i. Tinnitus;

  j. Suspected left shoulder full-thickness tear;

  k. Strain/sprain of the muscle, fascia, and tendons of the left shoulder;

  l. Aggravation of underlying, asymptomatic, tricompartmental degenerative changes of the left knee

      m.      Suspected rib fractures of the 3rd, 4th, and 5th ribs;

      n.      Severe shock, strain or sprain of the nerves, muscles, tissues, ligaments, and vessels of the musculoskeletal system; and

      o.      Other serious and severe injuries as the medical records may reveal or which have yet to be diagnosed.

32.    As a further direct and proximate result of the aforesaid collision, Plaintiff, DENNIS, has been and will be obliged to receive and undergo medical attention and care, and he has been and will be obliged to expend various sums of money and to incur various expenses which expenses are not included in, or have or may exceed the sums recoverable under the limits in 75 Pa.C.S.A. §§ 1711, 1712, and/or 1715 and may be obliged to expend such sums or incur such expenditures for an indefinite time into the future.

33.    As a further result of this incident, Plaintiff, DENNIS, has suffered severe physical pain, mental anguish, humiliation, embarrassment, fright, loss of enjoyment of life, loss of vitality, vigor, health and/or strength and will continue to suffer the same for an indefinite time into the future.

34.    As a further result of this incident, Plaintiff, DENNIS, suffered a loss of earnings and/or impairment of earning capacity and power which may be permanent.

35.    As a further direct and proximate result of the aforesaid collision, Plaintiff, DENNIS, has sustained or may sustain cosmetic disfigurement in the future.

WHEREFORE, Plaintiff, DENNIS MIZAK, demands judgment in his favor and against Defendant, THE HOME DEPOT, INC., for compensatory damages, plus interest and costs as the law may allow.

**JURY TRIAL DEMANDED.**

## COUNT II
## <u>DENNIS MIZAK v. J.B. HUNT TRANSPORT SERVICES, INC.</u>
## <u>NEGLIGENCE</u>

36. Paragraphs 1 through 35 are incorporated herein by reference as though set forth more fully at length.

37. Defendant, J.B. HUNT, breached its duty of care and acted negligently and carelessly in qualifying, hiring, training, retaining, and/or supervising its employee, agent, servant, joint venturer, and/or workmen, generally and in the following particulars:

    a. Dispatching a delivery driver to deliver freight without proper manpower to assistant in unloading the freight which it knew was too heavy for one person to safely deliver alone;

    b. Dispatching a delivery driver to deliver freight without proper equipment to assistant with safely unloading the freight which it knew was too heavy for one person to safely deliver alone;

    c. Knowingly directing, ordering, and/or permitting the delivery driver to make a home delivery who lacked proper qualification and/or fitness to safely deliver the freight;

    d. Knowingly directing, ordering, and/or permitting the delivery driver who lacked proper training, sufficient experience and/or adequate qualifications to safely deliver the freight;

    e. Failing to properly and/or adequately supervise the actions of its agents, servants and/or employees, in the safe delivery of freight;

    f. Failing to properly and/or adequately instruct, train, retrain, educate, observe, manage, superintend and/or supervise its agents, servants and/or employees, as to the safe deliver the freight.

    g. Failing to establish and/or enforce safe and proper guidelines, regulations and/or instructions regarding the safe deliver the freight by its agents, servants and/or employees;

    h. Failing to timely, adequately, and/or properly inform, instruct, teach and/or adequately train or retrain its agents, servants, and/or employees, in the safe deliver the freight;

    i. Failing to provide its agents, servants, and/or employees, with proper manpower to safely deliver freight to customer's homes;

j. Failing to provide its agents, servants, and/or employees, with proper equipment to safely deliver freight to customer's homes;

k. Failing to ensure that proper equipment to assist with the unloading of freight that was too heavy for one person to lift was packed on the truck at the time the truck was loaded;

l. Failing to properly plan deliveries so that delivery trucks operated by a single employee were not dispatched with loads that the driver could not safely unload by themselves;

m. Failing to have policies in place to prevent delivery drivers from allowing or accepting the help of customers whom a delivery of HOME DEPOT freight is being delivered to;

n. Failing to have policies in place to prevent customers from getting onto or into the trucks used to deliver HOME DEPOT's freight being delivered to a customer's residence;

o. Failing to enforce policies to prevent delivery drivers from allowing or accepting the help of customers whom a delivery of HOME DEPOT freight is being delivered to;

p. Failing to enforce policies in place to prevent customers from getting onto or into the trucks used to deliver HOME DEPOT's freight being delivered to a customer's residence;

q. Failing to discipline and/or superintend, or adequately, properly and/or sufficiently discipline and superintend its agents, servants, and/or employees, who allowed customers to assist in deliveries;

r. Failing to enforce its own policies and procedures regarding the instruction, training, education, testing, supervision, management, and/or discipline of its agents, servants, and/or employees;

s. Failing to properly and/or adequately supervise the operations and/or management of its agents, servants, and/or employees;

t. Negligently entrusting the delivery of freight to its agents, servants and/or employees when Defendant knew, or should have known, that the delivery of freight could not be made safely with only a driver with no assistant or equipment to move the freight; and

u. Failing to timely, properly, fully, and/or adequately discipline its employees who violated company policies regarding allowing non-employees on the liftgate or bed of the delivery truck;

38. Defendant, J.B. HUNT, is likewise vicariously liable for the negligent acts of its agent, servant, and/or employee who was unloading the freight including, but not limited to, pushing the freight so as to knock DENNIS off the back of the raised lift gate.

39. As a direct and proximate result of the aforesaid acts, omissions, negligence and carelessness of Defendant, J.B. HUNT, Plaintiff, DENNIS, was caused to suffer severe and permanent physical and psychological injuries and losses as set forth in detail in Count I and incorporated herein.

WHEREFORE, Plaintiff, DENNIS MIZAK, demands judgment in his favor and against Defendant, J.B. HUNT TRANSPORT SERVICES, INC., for compensatory damages, plus interest and costs as the law may allow.

**JURY TRIAL DEMANDED.**

<u>**COUNT III:**</u>
<u>**JODI MIZAK v. THE HOME DEPOT, INC. and**</u>
<u>**J.B. HUNT TRANSPORT SERVICES, INC.**</u>
<u>**LOSS OF CONSORTIUM**</u>

40. Paragraphs 1 through 39 are incorporated herein by reference as though set forth more fully at length.

41. By reason of the afore-described injuries to his wife, and solely as a result of the negligence of Defendants, THE HOME DEPOT, INC. and J.B. HUNT TRANSPORT SERVICES, INC., Plaintiff, JODI, has been and will be in the future deprived of the services, assistance, companionship, and consortium of her husband, and loss of the enjoyment of the ordinary pleasures of life, including marital and family life, and has sustained damages as a result thereof.

WHEREFORE, Plaintiff JODI MIZAK demands judgment in her favor against Defendants, THE HOME DEPOT, INC. and J.B. HUNT TRANSPORT SERVICES, INC., for compensatory damages, plus interest and costs as the law may allow.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

Attorneys for Plaintiffs:

By:*/s/ Douglas J. Olcott*
Douglas J. Olcott, Esquire
PA I.D. No. 204851

dolcott@edgarsnyder.com
Edgar Snyder & Associates, LLC
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219-2705
(412) 394-1000

By:*/s/ Kathryn C. Monbaron*
Kathryn C. Monbaron, Esquire
PA I.D. No. 324529

kmonbaron@edgarsnyder.com
Edgar Snyder & Associates, LLC
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219-2705
(412) 394-1000